<u>**IN THE UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE WESTERN DISTRICT OF TEXAS**</u>
<u>**WACO DIVISION**</u>

| | |
|---|---|
| AMERICAN PATENTS LLC, | |
| Plaintiff, | CIVIL ACTION NO. 6:20-cv-780 |
| v. | |
| COMCAST CABLE COMMUNICATIONS, LLC, | <u>**JURY TRIAL DEMANDED**</u> |
| Defendant. | |

**COMCAST'S MOTION TO DISMISS**
<u>**AMERICAN PATENTS' CLAIMS FOR WILLFUL AND INDIRECT INFRINGEMENT**</u>

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................... 2

LEGAL STANDARDS ........................................................................................................ 4

ARGUMENT ....................................................................................................................... 6

**I.**   American Patents has not alleged plausible facts of pre-suit knowledge to sustain a claim for willful or indirect infringement ........................................................................... 6

    1.   American Patents has not alleged plausible facts of actual knowledge by Comcast ..... 6

    2.   American Patents has not alleged plausible facts of willful blindness by Comcast....... 8

**II.**   American Patents fails to plead plausible facts of egregiousness to sustain claims of willful infringement ............................................................................................................... 10

**III.**   American Patents fails to plead plausible facts of specific intent by Comcast to sustain claims of indirect infringement ........................................................................................ 11

CONCLUSION.................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
   No. 13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...........................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .........................................................................................4, 5, 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................................4, 5, 13

*Broadcom Corp. v. Qualcomm Inc.*,
   543 F.3d 683 (Fed. Cir. 2008) ...........................................................................11

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) .........................................................................................6

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ...........................................................................5

*Finjan, Inc. v. Cisco Sys., Inc.*,
   No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. Jun. 7, 2017) .....................................10

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ...........................................................................5

*Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*,
   2013 WL 3381258 (D. Del. July 8, 2013) ...............................................................8

*Global-Tech Appliances v. SEB S.A.*,
   563 U.S. 754 (2011) .........................................................................................5, 8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) .........................................................................2, 5, 10, 11

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-cv-06137-HSG, 2019 WL 1455336 (N.D. Cal. April 2, 2019) ...........................12, 13

*Illumina, Inc. v. BGI Genomics Co.*,
   No. 19-cv-03770-WHO, 2020 WL 571030 (N.D. Cal. Feb. 5, 2020) .....................................9

*Inhale, Inc. v. Gravitron, LLC*,
   2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ...........................................................8

ii

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ........................5

*Jao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
No. 1:14-cv-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) .........................2, 11, 12

*Jenkins v. LogicMark, LLC*,
No. 3:16-cv-751-HEH, 2017 WL 376154 (E.D. Va. Jan. 25, 2017) .....................................10

*Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*,
No. 5:11-cv-163-XR, 2013 WL 2453267 (W.D. Tex. June 4, 2013) .....................................12

*M & C Innovations, LLC v. Igloo Prod. Corp.*,
No. 4:17-cv-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .........................................2, 7

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
No. 1:18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)..........................1, 7, 10

*Nonend Inventions, N.V. v. Apple. Inc.*,
No. 2:15-cv-466-RSG-RSP, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016) ...........................9

*Pacing Techs., LLC v. Garmin Intl, Inc.*,
2013 WL 444642 (S.D. Cal. Feb. 5, 2013)...........................................................................10

*Parity Networks, LLC v. Cisco Sys., Inc.*,
2019 WL 3940952 (W.D. Tex. July 26, 2019) ......................................................6, 11, 12, 13

*Parus Holding Inc. v. Apple Inc.*,
No. 6:19-00432-ADA, Text Order (W.D. Tex. Feb. 20, 2020) ...............................................9

*Princeton Digital Image Corp. v. Ubisoft Entmt SA*,
2017 WL 6337188 (D. Del. Dec. 12, 2017)..............................................................................7

*Spherix Inc. v. Juniper Networks, Inc.*,
No. 14-cv-578, 2015 WL 1517508 (D. Del. Mar. 31, 2015) ....................................................7

*SRI Int'l v. Cisco Systems, Inc.*,
930 F.3d 1295 (Fed. Cir. 2019)..........................................................................................2, 11

*State Indus., Inc. v. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985)................................................................................................6

*Veritas Operating Corp. v. Microsoft Corp.*,
562 F. Supp. 2d 1141 (W.D. Wash. 2008)................................................................................8

*VLSI Tech. LLC v. Intel Corp.*,
No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ................................................9

*VLSI Tech. LLC v. Intel Corp.*,
    No. 6:19-CV-00254-ADA, Dkt. 52 (W.D. Tex. July 31, 2019) ................................9

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016).................................................................................6

*Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*,
    609 F.3d 1308 (Fed. Cir. 2010)........................................................................12, 13

**Statutes**

35 U.S.C. § 271(b) ...................................................................................................5, 6

35 U.S.C. § 271(c) ...................................................................................................5, 6

35 U.S.C. § 284.........................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).............................................................................................4

2008 Mich. St. L. Rev. 19 (2008) .............................................................................3

## INTRODUCTION

The fundamental issue in this motion is the inadequately pled allegations by American Patents, LLC ("American Patents"), of pre-suit knowledge and specific intent by Comcast Cable Communications, LLC ("Comcast"), to substantiate claims for willful and indirect infringement of four patents in this suit regarding the methods used to transmit data to a receiver, often found in smart devices.

*First*, American Patents fails to meet the pleading standard of pre-suit knowledge by Comcast necessary for willful and indirect infringement claims when stating that Comcast had pre-suit knowledge of three of the four patents in this suit because of two citations in an Information Disclosure Statement ("IDS") in an unrelated prosecution of a Comcast patent.  For context, Comcast is a multi-national corporation that holds over 1,800 patents.  The mere reference to a patent publication related to the asserted patents during prosecution of a Comcast patent that would have listed hundreds of patents and publications is to "too attenuated" to provide actual notice of the patents in this suit to "plausibly infer" that Comcast had pre-suit knowledge. *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-cv-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018).

*Second*, American Patents fails to meet the pleading standard of pre-suit knowledge for all four patents in this suit when it alleges, in conclusory fashion with no underlying facts, that Comcast was "willfully blind" by having a policy of not reviewing the patents of others.  Even if this conclusory allegation—based on a 12-year-old law review article that contains no mention of any company's specific policy, let alone a Comcast policy—was based on factual allegation, which it is not, this Court, and others, have repeatedly dismissed willful and indirect infringement claims based on threadbare assertions of policy or practices of not reviewing the patents of others.

*Third*, even if Comcast had pre-suit knowledge, which it does not, American Patent fails

1

to adequately allege that Comcast engaged in egregious behavior required to sustain a claim of willful infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016) (explaining that enhanced damages under § 284 "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior," i.e., conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate").  Again, even if Comcast had a policy of not reviewing patents, the Federal Circuit has made clear that engineers' failure to review patents does not support a finding of willfulness *even after notice* (which Comcast did not have). *See SRI Int'l v. Cisco Systems, Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019).

*Fourth*, even if Comcast had pre-suit knowledge, which it does not, American Patents fails to adequately allege that Comcast had the requisite specific intent necessary to sustain a claim of indirect infringement for all four patents in this suit.  American Patents alleges bald conclusions cast as facts, such as Comcast entering contracts with third parties and distributing "instruction guides" that fail to show how Comcast "specifically intended their customers to infringe the patents in suit and knew that the customer's acts constituted infringement." *Jao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-134-LY, 2015 WL 3513151, at *4 (W.D. Tex. Mar. 24, 2015); *M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018).  That is an additional reason why American Patent's claim for indirect infringement should be dismissed.

Consistent with this Court's recent holdings on these issues, Comcast respectfully requests this Court dismiss American Patents' claims of willful and indirect infringement, without leave to amend.

## FACTUAL BACKGROUND

On August 26, 2020, American Patents filed a complaint alleging that Comcast infringes

four patents: U.S. Patent Nos. 7,088,782 ("the '782 patent"), 7,310,304 ("the '304 patent"), 7,706,458 ("the '458 patent"), and 6,847,803 ("the '803 patent") (collectively "the Patents-in-Suit").  *See* Dkt. 1 ¶¶ 21, 35, 47, 62.  In particular, American Patents alleges that Comcast "had knowledge" of the '782 and '304 patents because U.S. Patent Application Publication No. 2002/0181509 ("the '509 Patent Publication") and U.S. Patent Application Publication No. 2002/0181390 ("the '390 Patent Publication"), which is a publication of the application that resulted in the '782 patent and '304 patent  respectively (but not those patent themselves), was cited in the IDS of the patent prosecution of one of Comcast's patents, RE45,775, on April 29, 2014.  *Id*. ¶¶ 29, 41.  American Patents alleges that Comcast had knowledge of the '458 patent because the publication of the application for its parent patent (the '509 Patent Publication, which is the publication of the application for the '758 patent), and not the patent or the application underlying the '458 itself, was cited on Comcast's RE45,775 patent. These are American Patents' sole allegations regarding pre-suit knowledge.  Notably, American Patents has no allegations of pre-suit knowledge for the '803 patent through prior patent prosecutions by Comcast.

American Patents also alleges Comcast was "willfully blind" to all the Patents-in-Suit by having a policy of "not reviewing the patents of others." American Patents substantiates this allegation by citing a 2008 article in a Michigan State law review publication that includes no references to Comcast, let alone a Comcast policy.  In fact, this five-page article makes a sweeping claim that "companies in component industries simply ignore patents.  Virtually everyone does it." 2008 Mich. St. L. Rev. 19, 21 (2008).  The article further states this is evidenced by "[c]ompanies and lawyers tell[ing] engineers not to read patents in starting their research, lest their knowledge of the patent disadvantage the company by making it a willful infringer."  *Id*. at 21.  In sum, the crux of American Patents' allegations about Comcast's pre-suit knowledge are two citations in an

IDS and a generalized statement that virtually all companies in the component industry have a policy of not reviewing patents.

American Patents further alleges Comcast indirectly infringes the Patents-in-Suit because Comcast "has induced end-users" because it "took active steps directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes," including "advising or directing end-users to use the accused products in an infringing manner, advertising or promoting the use of the accused products in an infringing manner, and/or distributing instructions that guide users to use the accused products in an infringing manner."  Dkt 1 ¶¶ 69-71.  American Patents states that Comcast had "specific intent" because of "contractual relationships" formed when "selling the accused products."  These are the sole actions by Comcast forming the basis for specific intent under an indirect infringement theory.

## LEGAL STANDARDS

Under Rule 12(b)(6), the complaint must contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). This means that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show that the pleader is entitled to relief. *Id.* at 679.

To succeed on its induced infringement claim, Plaintiff must allege facts showing that defendant: "(1) had actual knowledge of the patent; (2) "actively and knowingly" aided and abetted a third-party to directly infringe the patent; and (3) had "specific intent and action to induce infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). The Supreme Court held that "[i]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances* at 765–66. Additionally, to succeed on its contributory infringement claim, Plaintiff must allege facts showing that defendant: (1) directly infringed, (2) had knowledge of the patent, (3) that the component has no substantial non–infringing uses, and (4) that the component is a material part of the invention. 35 U.S.C. § 271(c); *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017).

For indirect infringement claims like induced or contributory infringement, the Federal Circuit and the Western District of Texas both have recognized that *Twombly* and *Iqbal* pleading standards apply. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *Iron Oak Techs.,* No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677, at *6. Accordingly, as discussed below, this Court has recently dismissed indirect and willful infringement claims for lack of pre-suit knowledge of the patent and/or lack of "egregious conduct."

Finally, to demonstrate willful infringement, a plaintiff must show "[t]he sort of conduct warranting enhanced damages has been variously described ... as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932. To sufficiently plead willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or

should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Systems, Inc*., No. 6:19-cv-209-ADA, 2019 WL 3940952, *3 (W.D. Tex. 2019) (citations omitted).  "Further, a plaintiff should plead willfulness with sufficient articulation of the relevant facts. *Id*.

## ARGUMENT

American Patents fails to plausibly allege willfulness or indirect infringement, because it fails to allege a required element—pre-suit knowledge of the Patents-in-Suit—because (1) Comcast lacked adequate notice and (2) Comcast engaged in no behavior that rises to the level of "willful blindness."  Additionally, American Patents fails to plausibly allege willful infringement because it alleges no "egregious conduct" by Comcast.  Finally, American Patents fails to plausibly allege indirect infringement because it alleges no "specific intent" by Comcast.

**I.    American Patents has not alleged plausible facts of pre-suit knowledge to sustain a claim for willful or indirect infringement**

*1.    American Patents has not alleged plausible facts of actual knowledge by Comcast*

To state an allegation of willful infringement, a plaintiff must plead facts that plausibly show that an alleged infringer had pre-suit knowledge of the patent's existence. *State Indus., Inc. v. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it"); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.").  Likewise, to state allegations under 35 U.S.C. §§ 271(b)-(c) for indirect infringement, a plaintiff must plead specific facts sufficient to show, if proven true, that the accused infringer had actual knowledge of the patents-in-suit. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement.");  *Parity Networks,*

*LLC v. Cisco Sys., Inc.*, No. 6:19-cv-209-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (Albright, J.) (complaint for indirect infringement requires allegations of "pre-suit knowledge Defendant had of the asserted patents").  A mere recitation of "garden variety" allegations of pre-suit knowledge will not suffice to state a plausible claim for willful or indirect infringement. *M & C Innovations,* No. 4:17-cv-2372, 2018 WL 4620713, at *5.

In this case, American Patents alleges that Comcast had knowledge of three of the four Patents-in-Suit because the publication of the application (the '509 Patent Publication and '309 Patent Publication) underlying two of those patents (the '782 patent and '308 patent), were listed in IDSs among the 500-plus patents cited during prosecution of a single Comcast patent.  *See* Dkt. 1 ¶¶ 29, 41, 56 (citing Comcast Patent RE45,775); Ex. A (IDS Statement for RE45,775, citing 500-plus patents and patent application publications); Ex. B (RE45,775 citing 600-plus references on the face).  Comcast has over 1,800 patents.  Courts have routinely held that a citation in an IDS by a corporation with thousands of patents is "too attenuated" to provide notice about a specific patent to support an inference of knowledge.  *Meetrix IP*, No. 1:18-cv-309-LY, 2018 WL 8261315, at *2 (holding that an "allegation of actual notice stemming from Cisco's prosecution activity is ***too attenuated*** to plausibly infer that Cisco had pre-suit knowledge of the Asserted Patents") (emphasis added); *Princeton Digital Image Corp. v. Ubisoft Entm't SA*, No. 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) ("At the motion to dismiss stage, allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent."); *Spherix Inc. v. Juniper Networks, Inc.*, No. 14-cv-578, 2015 WL 1517508, at *3 (D. Del. Mar. 31, 2015) ("The '123 patent was one of thirty-one references cited by the examiner during the prosecution of defendant's 8,687,629 patent. The fact that the '123 patent was referenced during prosecution of two of defendant's over 1,700

patents is not compelling evidence of knowledge, i.e., that the patent was 'called to the attention' of defendant.") (internal citations omitted); *Veritas Operating Corp. v. Microsoft Corp.*, 562 F. Supp. 2d 1141, 1285 (W.D. Wash. 2008) ("Also, having 'knowledge' of a single patent only because it was cited during prosecution of two patents among thousands (and then only through imputing that knowledge from Microsoft's attorneys) does not give Microsoft sufficient 'knowledge' to formulate the 'intent' required for inducement."). So too here, an allegation that a single Comcast patent cites two patent publications, among 600-plus prior art references, is "too attenuated" to provide notice about three of the Patents-in-Suit, and so, it is insufficient to plausibly state a claim of relief for willful or indirect infringement.

      2.    *American Patents has not alleged plausible facts of willful blindness by Comcast*

Alternatively, to state an allegation of pre-suit knowledge for willful or indirect infringement claims, plaintiff can assert "willful blindness" in lieu of actual knowledge. *See, e.g.*, *Global-Tech v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (induced infringement, like contributory infringement, requires "knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement). Here, American Patents' sole allegation, an unsupported legal conclusion couched as a factual statement, about Comcast being "willfully blind" concerns a "policy or practice of not reviewing the patents of others." This conclusion is supported by a citation to a law review article from 2008 that makes a reference to "companies in component industries," which Comcast does not belong to, and makes a blanket statement that supposedly applies to "[v]irtually everyone." The article does not cite any specific Comcast policy, or any corporate policy whatsoever. Functionally, this claim operates on an "equivocal assertion of 'knowledge'—'on information and belief'—not buttressed by any specific facts." *Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*, No. cv-12-1724-SLR, 2013 WL 3381258, at *3 (D. Del. July 8, 2013); *see also Inhale, Inc. v. Gravitron, LLC*, No. 1-18-cv-763-LY, 2018 WL

7324886, at *3 (W.D. Tex. Dec. 10, 2018) (stating that an allegation based on "information and belief . . . lacks the necessary factual content that allows the court to draw reasonable inference that the defendant is liable for contributory infringement" required by the Iqbal pleading standard). This is insufficient to plausibly allege a fact that *Comcast* has a policy of ignoring patents to infer willful blindness.

Even if this conclusory allegation was a factual statement, which it is not, the Western District of Texas, and other courts, have recognized that a policy of not reviewing patents does not constitute willful blindness. *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-00254-ADA, Dkt. 52 at 1-2 (W.D. Tex. July 31, 2019) (dismissing willfulness claims based on policy or practice of not reviewing patents of others); *Parus Holding Inc. v. Apple Inc.*, No. 6:19-00432-ADA, Text Order (W.D. Tex. Feb. 20, 2020) (dismissing willful infringement and indirect infringement claims based on a policy or practice of not reviewing patents of others); *Nonend Inventions, N.V. v. Apple. Inc.*, No. 2:15-cv-466-RSG-RSP, 2016 WL 1253740, at *3 (E.D. Tex. Mar. 11, 2016) (finding that a "policy of asking its employees to ignore patents and patent applications does not per-se constitute 'willful blindness.'"); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing willful infringement claim because Intel's policy being willfully blind to the patent's existence cannot sustain allegations that it was willfully blind to the infringement of the patents). Moreover, in the same vain that courts have found that companies reviewing patents regularly is "too speculative" to form a reasonable inference of knowledge, conversely, a policy of not reviewing patents is too speculative to reasonably infer willful blindness. *See, e.g., Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *6 (N.D. Cal. Feb. 5, 2020) ("Merely stating that [when defendant] regularly monitors intellectual property in fields related to its products will not suffice to state a claim of knowledge

for the purposes of willful or induced infringement."); *see also, e.g., Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-cv-1067, 2013 WL 444642, at *2 (S.D. Cal. Feb. 5, 2013) (holding that "Pacing's allegations [about actively reviewing patents] are ***too speculative*** to support a reasonable inference that Garmin knew of the patent prior to commencement of this suit") (emphasis added).  That is an additional reason why American Patents fails to plausibly state a factual allegation of willful blindness sufficient to sustain a claim for willful and indirect infringement.

For these two reasons, American Patents' willful and indirect infringement claims should be dismissed.

## II.   American Patents fails to plead plausible facts of egregiousness to sustain claims of willful infringement

Even if American Patents plausibly alleged pre-suit knowledge, which it does not, to state a claim for willful infringement under 35 U.S.C. § 284, courts have held that a plaintiff must also plead plausible facts showing "egregious conduct."  *Halo*, 136 S. Ct. at 1932 ; *Meetrix IP*, No. 1:18-cv-309-LY, 2018 WL 8261315, at *3 (dismissing willful infringement claim and agreeing that "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under Halo"); *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. Jun. 7, 2017) (dismissing plaintiff's willful infringement claim because, *inter alia*, the complaint failed to make sufficient factual allegations that defendant's behavior was "egregious . . . beyond typical infringement") (internal quotation marks omitted); *Jenkins v. LogicMark, LLC*, No.  3:16-cv-751-HEH, 2017 WL 376154, at *5 (E.D. Va. Jan. 25, 2017) ("[A]t a minimum, plaintiffs alleging willful infringement must plead facts sufficient to support an inference 'plausible on its face' that the alleged conduct is of the egregious nature described in [*Halo*].").  A claim of willful infringement is a serious allegation accusing the defendant of "willful,

wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed— characteristic of a pirate." *Halo*, 136 S. Ct. at 1932.

In this case, American Patents sole allegation of egregious behavior appears to be the alleged "policy or practice of not reviewing the patents of others" that supposedly left Comcast "willfully blind of American Patents' patent rights." *See* Dkt. 1 ¶ 90.  The Federal Circuit has explicitly addressed this argument and found a policy of not reviewing patents cannot support a finding of willfulness.  *See SRI*, 930 F.3d 1295, 1309.  With no facts for this Court to draw a reasonable inference of egregious conduct, American Patents' willful infringement claim should be dismissed.

### III.    American Patents fails to plead plausible facts of specific intent by Comcast to sustain claims of indirect infringement

American patents alleges two forms of indirect infringement – (i) induced infringement and (ii) contributory infringement. To state an allegation of induced infringement, a plaintiff must also allege plausible facts that show the alleged infringer had specific intent to induce patent infringement. *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) ("To succeed on its induced infringement claim, Plaintiff must allege facts showing that [Defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement."); *Jao Control & Monitoring Sys.*, No. 1:14-cv-134-LY, 2015 WL 3513151, at *4; *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008).  Likewise, to state a claim for contributory infringement, a plaintiff must allege plausible facts to show "(1) defendant had knowledge of the patent; (2) defendant sold products especially made for infringing use; (3) defendant had knowledge of the infringing use; (4) the products had no substantial noninfringing use; and (5) there exists an underlying act of direct infringement." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-209-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26,

2019); *Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1317 (Fed. Cir. 2010) (stating that a contributory infringer must possess knowledge to support a finding of infringement). A plaintiff making "bald conclusions" couched as facts to satisfy the elements of indirect infringement should be dismissed. *Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. April 2, 2019) ("[T]he complaint only states bald conclusions that an end user following YouTube instructions results in infringement.  In no way does the complaint detail how an end user would infringe Hypermedia's patents.").

In this case, American Patents has alleged Comcast had induced infringement by advertising its products, entering contracts with third parties, selling its products, and distributing "instructions that guide users to use the accused product in an infringing manner."  Dkt. 1 ¶ 71. The complaint does not identify any specific advertising, contracts, or instructions that supposedly guide the user to infringe.  *Id.*  Rather, the allegations merely outline the activity that any business engages in (advertising, entering contracts, selling products), and not any specific intent to induce or contribute to infringement.  The Western District of Texas, and other courts, have consistently dismissed induced infringement claims based on similar ordinary business actions that lack any specific connection to the allegedly infringing activity.  *Jao Control & Monitoring Sys.*, No. 1:14-cv-134-LY, 2015 WL 3513151, at *4; *Parity Networks,* No. 6:19-cv-209-ADA,, 2019 WL 3940952, at *2 (holding that to "adequately plead a claim of induced infringement" that "a plaintiff must allege a specific intent to induce infringement, which is 'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'"); *Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*, No. 5:11-cv-163-XR, 2013 WL 2453267, at *5 (W.D. Tex. June 4, 2013) (stating that "guidance for the pleading requirements for indirect infringement, a court must look to Twombly and Iqbal" that

"requires that the alleged infringer . . . possessed specific intent to encourage another's infringement"). In the absence of any factual allegation, this Court should dismiss American Patents' indirect infringement claims for failing to allege any specific intent to induce infringement.

Similarly, with respect to contributory infringement, American Patents alleges that "[t]he accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe," and that "[t]he special features include improved wireless communication capabilities used in a manner that infringes," and "are not staple articles of commerce suitable for substantial non-infringing." Dkt. 1 ¶¶ 86–88. American Patents does not identify those supposedly special features. *Id*. Similarly, they allege no basis to say the accused products lack substantial noninfringing uses. *Id*. These are exactly the types of conclusory allegations that are insufficient under *Twombly*/*Iqbal* and their progeny. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (stating threadbare allegations will not suffice); *Hypermedia*, 2019 WL 1455336, at *3. American Patents also fails to plead any specific facts to show that Comcast had "knowledge that the component is especially designed for use in a patented invention." *See Parity*, No. 6:19-cv-209-ADA, 2019 WL 3940952, at *2 (quoting *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1316 (Fed. Cir. 2010)). In short, American Patents' claim for contributory infringement, like its claim for induced infringement, should be dismissed because it relies on conclusory allegations that are wholly devoid of facts.

## CONCLUSION

For the reasons set forth above, Comcast respectfully requests that the Court dismiss American Patents' claims for willful and indirect infringement.

Date: November 5, 2020

Respectfully submitted,

By:  _/s/ Deron R. Dacus_____

Deron R. Dacus
State Bar No.  00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Krishnan Padmanabhan (PHV)
kpadmanabhan@winston.com
Winston & Strawn LLP
200 Park Ave.
New York City, NY 10166
Tel: (212) 294-6700

*Attorneys for Defendant Comcast Cable Communications, LLC*

14

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 5, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Deron R. Dacus*
Deron R. Dacus