**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| AMERICAN PATENTS LLC, | CIVIL ACTION NO. 6:20-cv-780-ADA |
| Plaintiff, | |
| v. | |
| COMCAST CABLE COMMUNICATIONS, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**OPPOSITION TO COMCAST'S MOTION TO DISMISS**
**CLAIMS FOR WILLFUL AND INDIRECT INFRINGEMENT**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................1

II.  LEGAL STANDARD FOR MOTIONS TO DISMISS UNDER RULE 12(b)(6) ..................2

III. ARGUMENT ....................................................................................................3

   A.   American Patents Sufficiently Pleaded Indirect Infringement ...........................................3

     1.   American Patents Plausibly Alleged Knowledge of the Asserted Patents Based On Comcast's Prosecution Activities .........................................................................................3

     2.   American Patents Plausibly Alleged Knowledge Based On Willful Blindness ..............8

     3.   American Patents Plausibly Alleged Specific Intent to Induce Infringement ...............12

     4.   American Patents Plausibly Alleged Contributory Infringement ...................................13

   B.   American Patents Sufficiently Pleaded Willful Infringement...........................................14

IV.  IF NECESSARY, THE COURT SHOULD GRANT LEAVE TO AMEND .....................16

V.   CONCLUSION ...............................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*American Patents LLC v. Acer Inc.*,
   No. 4:18-cv-697-ALM, Dkt. 35 (E.D. Tex. Jan. 3, 2019) .........................................................10

*American Patents LLC v. AsusTek Computer Inc.*,
   No. 4:18-cv-698-ALM, Dkt. 33 (E.D. Tex. May 17, 2019) .....................................................10

*American Patents LLC v. Hisense Co. Ltd.*,
   4:18-cv-768-ALM, Dkts. 85, 86, 87 (E.D. Tex. May 17, 2019) ...............................................10

*American Patents LLC v. HP Inc.*,
   No. 4:18-cv-700-ALM, Dkt. 58 (E.D. Tex. May 17, 2019) .....................................................10

*American Patents LLC v. Huawei Device USA, Inc.*,
   No. 4:18-cv-672-ALM, Dkt. 44 (E.D. Tex. May 17, 2019) .....................................................10

*American Patents LLC v. LG Electronics Inc.*,
   No. 4:18-cv-673-ALM, Dkt. 48 (E.D. Tex. May 17, 2019) .....................................................10

*American Patents LLC v. Panasonic Corporation of North America*,
   No. 4:18-cv-766-ALM, Dkt. 32 (E.D. Tex. May 17, 2019) .....................................................11

*American Patents LLC v. Samsung Electronics America, Inc.*,
   No. 4:18-cv-674-ALM, Dkt. 43 (E.D. Tex. May 17, 2019) .....................................................11

*Anderson News, L.L.C. v. Am. Media, Inc.*,
   680 F.3d 162 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 846 (2013) ..............................................7

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)................................................................................................15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................................................2, 10

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
   No. 2:15-cv-1274-JRG-RSP (lead case), 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016)..........5

*Bush Seismic Techs. LLC v. Am. Gem Soc.*,
   No. 2:14-cv-1809-JRG, 2016 WL 9115381 (E.D. Tex. Apr. 13, 2016) .....................................3

*Cloud Farm Assocs. v. Volkswagen Grp. of Am., Inc.*,
   No. 10-502-LPS, 2012 WL 3069390 (D. Del. July 27, 2012)....................................................4

*CoreBrace LLC v. Star Seismic LLC*,
   566 F.3d 1069 (Fed. Cir. 2009)...............................................................................................2

*Cywee Group Ltd. v. Huawei Device Co. Ltd.*,
   No. 2:17-cv-495-WCB, 2018 WL 3819392 (E.D. Tex. Aug. 10, 2018) ............................3, 13

*Ericsson Inc. v. TCL Communication Tech. Holdings, Ltd.*,
   No. 2:15-cv-11-RSP, 2018 WL 2149736 (E.D. Tex. May 10, 2018)................................14, 15

*Finjan, Inc. v. Cisco Sys., Inc.*,
   No. 17-cv-72-BLF, 2017 WL 2462423 (N.D. Cal. Jun. 7, 2017).............................................16

*Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*,
   No. cv-12-1724-SLR, 2013 WL 3381258 (D. Del. July 8, 2013) ...........................................11

*Global Sessions, LP v. JPMorgan Chase & Co.*,
   No. A-13-CA-688-SS, 2013 WL 12086369 (W.D. Tex. Nov. 18, 2014)...................................4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011).......................................................................................................3, 8, 10

*Griggs v. Hinds Junior Coll.*,
   563 F.2d 179 (5th Cir. 1977) ..................................................................................................16

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016).............................................................................................................15

*Inhale, Inc. v. Gravitron, LLC*,
   No. 1-18-cv-763-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018)....................................11

*Jenkins v. LogicMark, LLC*,
   No. 3:16-cv-751-HEH, 2017 WL 376154 (E.D. Ba. Jan. 25, 2017)........................................16

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017)..........................................................................................12, 13

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ..............................................................................................2, 7

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ....................................................................................................2

*Meetrix IP, LLC v. Cisco Systems, Inc.*,
   No. 1:18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)...................................5, 6

*Motiva Patents, LLC v. Sony Corp.*,
    408 F. Supp. 3d 819 (E.D. Tex. 2019) ........................................................................9, 10, 14

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-209-ADA, 2019 WL 3940952 (W.D. Tex. Jul. 26, 2019) ..............................14, 15

*Parus Holding Inc. v. Apple Inc.*,
    No. 6L19-cv-432-ADA, Text Order (W.D. Tex. Feb. 20, 2020) ...........................................11

*Potter v. Bexar Cnty. Hosp. Dist.*,
    195 Fed. Appx. 205 (5th Cir. 2006) ...................................................................................16

*Princeton Digital Image Corp. v. Ubisoft Entertainment SA*,
    No. 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ..........................................6

*Script Security Solns. L.L.C. v. Amazon.com, Inc.*,
    170 F. Supp. 3d 928 (E.D. Tex. 2016) ..............................................................................9, 10

*SGIC Strategic Global Inv. Capital, Inc. v. Burger King Eur. GmbH*,
    839 F.3d 422 (5th Cir. 2016) ...........................................................................................16

*Snow Ingredients, Inc. v. SnoWizard, Inc.*,
    833 F.3d 512 (5th Cir. 2016) ...........................................................................................2, 7

*Spherix Inc. v. Juniper Networks, Inc.*,
    No. 14-cv-578, 2015 WL 1517508 (D. Del. Mar. 13, 2015) ...................................................6

*SRI International, Inc. v. Cisco Systems, Inc.*,
    930 F.3d 1295 (Fed. Cir. 2019) ........................................................................................15

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985) ..........................................................................................5

*Tyson & Billy Architects, PC v. Kingdom Perspectives G.P., Ltd.*,
    No. 6:19-cv-53-JDK, 2019 WL 2127343 (E.D. Tex. Apr. 24, 2019) .........................................8

*Välinge Innovation AB v. Halstead New England Corp.*,
    No. 16-cv-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ...........................14, 15

*Veritas Operating Corp. v. Microsoft Corp.*,
    562 F. Supp. 2d 1141 (W.D. Wash. 2008) ...........................................................................6

*VLSI Tech. LLC v. Intel Corp.*,
    No. 6:19-cv-254-ADA, Dkt. 52 (W.D. Tex. July 31, 2019) ....................................................11

*Wooten v. McDonald Transit Assocs., Inc.*,
    788 F.3d 490 (5th Cir. 2015) .............................................................................................9

**Statutes**

35 U.S.C. § 271(b) ........................................................................................................3

35 U.S.C. § 271(c) ........................................................................................................3

**Rules**

Fed. R. Civ. P. 11(b)(3) .............................................................................................11

Fed. R. Civ. P. 12(b)(6) ...........................................................................................2, 7

Fed. R. Civ. P. 12(d) ...................................................................................................7

Fed. R. Civ. P. 15(a) .................................................................................................16

Fed. R. Civ. P. 8(a) .....................................................................................................2

## I.      INTRODUCTION

Comcast has moved to dismiss American Patents' complaint for failure to state a claim of induced, contributory, and willful infringement.  Comcast asserts that the complaint does not adequately plead pre-suit knowledge based on actual knowledge or willful blindness; that the complaint does not plead specific intent in support of American Patents' induced infringement claim; that the complaint does not adequately plead contributory infringement; and that American Patents' willfulness claim fails because it does not plead an "egregious" act.

The Court should reject each of Comcast's challenges.  As to indirect infringement, American Patents plausibly alleged knowledge of three of the patents based on Comcast's own patent prosecution activities, and knowledge of all patents on a theory of willful blindness.  Further, American Patents plausibly pleaded the remaining elements of induced and contributory infringement, including by identifying specific features of the accused instrumentalities involved in the infringement and specific acts by Comcast in distributing instructions that guide end users to use the accused products in an infringing manner.  And American Patents also specifically pleaded that the accused products include special features having no substantial, non-infringing uses, and provided examples of such features.  These allegations provide fair notice of American Patents' claims against Comcast and the grounds on which they rest, putting Comcast on notice as to what it must defend.

The Court should also reject Comcast's challenge to American Patents' willfulness allegations.  As the Federal Circuit and multiple district courts—including this Court—have recognized, "egregiousness" is not an element of willful infringement and need not be pleaded to state a willfulness claim.

## II.      LEGAL STANDARD FOR MOTIONS TO DISMISS UNDER RULE 12(b)(6)

A motion to dismiss under Rule 12(b)(6) is a "purely procedural question," so the Federal Circuit applies the law of the regional circuit.  *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).  In the Fifth Circuit, such motions "are viewed with disfavor and are rarely granted."  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotations omitted).

Rule 8(a) requires only a "short and plain statement of the claim" sufficient to give the defendant fair notice of what act is being accused.  Fed. R. Civ. P. 8(a).  In deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded factual allegations as true and interpret the complaint in the light most favorable to the plaintiff.  *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016).  Courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Despite the facial simplicity of these requirements, the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The plausibility standard, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In general, the standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Twombly*, 550 U.S. at 545.

## III.   ARGUMENT

Comcast's motion to dismiss asserts that American Patents' complaint does not adequately plead aspects of indirect infringement (induced and contributory) and willful infringement.   Comcast is wrong on all counts.

### A.   American Patents Sufficiently Pleaded Indirect Infringement

American Patents has plausibly alleged indirect infringement based on pre-suit knowledge of the asserted patents.[1]   Indirect infringement under 35 U.S.C. § 271(b)-(c) requires actual knowledge of, or willful blindness to, the infringed patent's existence.   *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011).   Here, American Patents has plausibly pleaded both actual knowledge and willful blindness.   In addition, the complaint plausibly pleads the remaining elements of induced and contributory infringement.

### 1.   *American Patents Plausibly Alleged Knowledge of the Asserted Patents Based On Comcast's Prosecution Activities*

American Patents has pleaded knowledge of the '782, '304, and '458 patents by identifying specific Comcast employees and individuals involved in the prosecution of the Comcast reissue patent RE45,775:

---

[1] Comcast requests that American Patents' induced infringement and willfulness claims be dismissed in their entirety for failure to adequately plead pre-suit knowledge.   However, both claims may properly be based on post-suit conduct and knowledge as of the filing of the complaint.   *See, e.g.*, *Cywee Group Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-cv-495-WCB, 2018 WL 3819392, at *2 (E.D. Tex. Aug. 10, 2018) (Bryson, Cir. J., by designation).   The complaint alleges Comcast's knowledge of the patents-in-suit, Dkt. 1 ¶ 92—and the truth of that fact is now undeniable—such that American Patents' claims are supported even if Comcast did not have pre-suit knowledge (which it does).   In the event the Court disagrees that this allegation is sufficient to support post-suit knowledge, American Patents requests leave to amend to add additional allegations, including additional allegations supporting inducement and willfulness subsequent to and based on knowledge from the filing or service of the original complaint.   *See infra* Part IV; *Bush Seismic Techs. LLC v. Am. Gem Soc.*, No. 2:14-cv-1809-JRG, 2016 WL 9115381, at *3 (E.D. Tex. Apr. 13, 2016).

> Comcast has had knowledge of the '782 Patent at least as of April 29, 2014, when it disclosed U.S. Patent Application Publication No. 2002/0181509, the publication of the '782 Patent's application, to the U.S. Patent and Trademark Office in an Information Disclosure Statement during the prosecution of U.S. Patent No RE45,775, entitled "Method and System for Robust, Secure, and High-Efficiency Voice and Packet Transmission Over Ad-Hoc, Mesh, and MIMO Communication Networks" and assigned to Comcast Cable Communications, LLC. Comcast employees Brian G. Agee, Matthew C. Bromberg, who are listed as inventors on U.S. Patent No. RE45,775, and David L. Marcus, Jordan N. Bodner, and others involved in the prosecution of the patent, have had knowledge of the '782 Patent at least as of April 29, 2014.

Dkt. 1 ¶ 29 ('782 patent); *see also id.* ¶¶ 41 ('304 patent), 56 ('458 patent). As alleged, Comcast acquired knowledge of the patents-in-suit at least when it investigated and affirmatively cited the relevant published patent applications in an information disclosure statement ("IDS") on April 29, 2014. The '782, '304, and '458 patents issued **several years** before Comcast's preparation of the IDS. Dkt. 1 ¶¶ 18 ('782 patent issued in 2006), 32 ('304 patent issued in 2007), 44 ('458 patent issued in 2010). So the allegations raise a plausible inference that Comcast learned of the patents-in-suit when it investigated the published applications and cited them in its 2014 IDS.

This Court, and others, have held in similar scenarios that knowledge acquired through the prosecution of a patent owned by the defendant can plausibly support allegations about the knowledge of the defendant. *See Global Sessions, LP v. JPMorgan Chase & Co.*, No. A-13-CA-688-SS, 2013 WL 12086369, at *2 (W.D. Tex. Nov. 18, 2014) (sustaining inducement allegations where defendant's patents cited patent-in-suit as a reference); *Cloud Farm Assocs. v. Volkswagen Grp. of Am., Inc.*, No. 10-502-LPS, 2012 WL 3069390, at *3-4 (D. Del. July 27, 2012) (denying motion to dismiss willfulness allegations where complaint alleged that "the USPTO listed the [asserted patent] as a cited reference" "as part of an office action" for a patent of a predecessor to the defendant).

That the Comcast IDS cited to the patents' published applications, rather than to the patents themselves, does not change the analysis—particularly here, where the patents-in-suit issued long before Comcast filed its IDS in April 2014.  This was the precise scenario in *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP (lead case), 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016).  There, the defendant cited to the asserted patent's published application during an *inter partes* review one year **after** the asserted patent had issued.  Under those circumstances, the District Court for the Eastern District of Texas found that the defendant "could have learned of the [asserted patent] when it cited the Marlowe Application in a Patent Office proceeding."  *Id.* at *6.  Because the proceeding occurred a year after the asserted patent issued, the court found, "it is plausible to infer that when [Defendant] investigated the Marlowe application in 2010, it discovered that the Marlowe Application had issued as the '786 patent in 2009."  *Id.*  Here, as in *Blitzsafe*, American Patents' allegations raise the plausible inference that Comcast discovered the '782, '304, and '458 patents when it compiled its IDS in 2014, several years **after** the patents had issued.

Because the facts here so closely mirror *Blitzsafe*, Comcast's reliance on this Court's decision in *Meetrix IP, LLC v. Cisco Systems, Inc.*, No. 1:18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018), is misplaced.  There, the complaint's allegations theorized that the defendant received notice of the asserted patents based on the prosecution activities of its subsidiary.  The patent examiner—not the defendant or its subsidiary—cited the parent application of the asserted patents during prosecution.  *Id.* at *2.  In that scenario, the Court noted that "it is a patent's *claims* that put potential infringers on notice, not the specification." *Id.* (citing, *inter alia*, *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)).  Importantly, the Court distinguished *Blitzsafe* because, in *Blitzsafe*, the citation to the

asserted patent's application occurred *after* the issuance of the asserted patent. *Id.* In addition, the Court explained that "the link is more tenuous because the citations were added by the patent examiner—not the patentee . . . ." *Id.*

As explained above, American Patents' allegations about Comcast's knowledge mirrors the scenario in *Blitzsafe*—and is distinguishable from that in *Meetrix*—because Comcast cited the relevant patent applications in 2014, several years *after* the patents-in-suit issued. Thus, as in *Blitzsafe*—and unlike *Meetrix*—American Patents' allegations raise the plausible inference that Comcast discovered the asserted patents when it cited the parent applications in its IDS. Further, similar to *Blitzsafe* and unlike *Meetrix*, it was Comcast—not the patent examiner—which affirmatively cited the patent applications in an IDS.[2] So American Patents' allegations of knowledge pass muster under both *Blitzsafe* and this Court's *Meetrix* decision.

Ignoring this, Comcast argues that it could not have known of the asserted patents because the 2014 IDS listed "500-plus patents," and because "Comcast has over 1,800 patents." Mot. at 7. As an initial matter, Comcast fails to acknowledge that this argument relies on materials outside the pleadings, including Comcast's representation that the IDS lists "500-plus" patents and the unsubstantiated assertion that "Comcast has over 1,800 patents." Comcast does not request that the Court take judicial notice of any document outside the pleadings, and in

---

[2] Comcast's remaining out-of-district cases are likewise unpersuasive. In *Princeton Digital Image Corp. v. Ubisoft Entertainment SA*, No. 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017), the court dismissed the complaint where "the theory of knowledge is not that Defendants cited directly to the '129 patent as prior art, but rather that the Defendants cited to another patent (unrelated to the '129 patent) that itself made reference to the '129 patent." *Id.* at *1. That tenuous scenario is nothing like what American Patents has alleged in its complaint. In *Spherix Inc. v. Juniper Networks, Inc.*, No. 14-cv-578, 2015 WL 1517508 (D. Del. Mar. 13, 2015), the court dismissed the complaint when the examiner—not the defendant—cited the asserted patent during prosecution. And *Veritas Operating Corp. v. Microsoft Corp.*, 562 F. Supp. 2d 1141, 1285 (W.D. Wash. 2008), is a summary judgment case and thus does not apply the *Twombly* plausibility standard.

particular, the number of patents Comcast allegedly owns cannot properly be the subject of
judicial notice.  The Court should disregard these additional "facts."  *See Lone Star Fund V
(U.S.), L.P.*, 594 F.3d at 387.[3]

Even worse, Comcast's argument rests on giving itself the benefit of an ***inference*** that—
due to the number of patents it allegedly cited on the IDS and that it allegedly owns—Comcast
could not possibly have focused on the patents-in-suit when it cited to their published
applications.  At best, Comcast presents an alternative plausible inference to be drawn (from
material outside the pleadings).  But "[t]he choice between or among plausible inferences or
scenarios is one for the factfinder[.]"  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162,
184 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 846 (2013).  At the Rule 12(b)(6) stage, the Court
must draw all inferences in American Patents' favor—not Comcast's.  *Snow Ingredients, Inc.*,
833 F.3d at 520.  So even if the Court were to consider Comcast's unsubstantiated, extra-
pleading "facts," it should still deny the motion to dismiss.  *See Anderson News, L.L.C.*, 680 F.3d
at 185 ("The choice between two plausible inferences that may be drawn from factual allegations
is not a choice to be made by the court on a Rule 12(b)(6) motion. . . .  A court ruling on such a
motion may not properly dismiss a complaint that states a plausible version of the events merely
because the court finds a different version more plausible."); *Tyson & Billy Architects, PC v.
Kingdom Perspectives G.P., Ltd.*, No. 6:19-cv-53-JDK, 2019 WL 2127343, at *3 (E.D. Tex. Apr.

---

[3] Nor does Comcast acknowledge that reliance on such extra-pleading materials might require
converting its motion to dismiss into one for summary judgment.  Fed. R. Civ. P. 12(d).  In that
scenario, American Patents would need the opportunity to take discovery concerning Comcast's
knowledge of the patents-in-suit, as well as the new (and currently unsupported) factual
assertions in its motion.  *See id.*  (As just one example, the number of patents Comcast allegedly
owns now may differ substantially from the number it owned at the time it filed the 2014 IDS.)
Thus, to the extent the Court contemplates converting Comcast's motion to one for summary
judgment, American Patents requests permission to take discovery on the relevant issues and file
supplemental briefing.

24, 2019) ("The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion.  To ask the Court to engage in fact finding in a Rule 12(b)(6) motion rather than addressing the sufficiency of the allegations is simply a waste of the parties and the Court's resources." (internal quotations and citations omitted)).

    2.    ***American Patents Plausibly Alleged Knowledge Based On Willful Blindness***

In addition, American Patents has plausibly alleged that Comcast was willfully blind to the existence of the asserted patents before the suit was filed:

> Furthermore, Comcast has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights.  *See, e.g.*, M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008).

Dkt. 1 ¶ 90.

As Comcast acknowledges, an allegation of willful blindness is an allegation of knowledge.  *See Global-Tech*, 563 U.S. at 770.  Yet Comcast challenges this allegation by arguing that it is "an unsupported legal conclusion couched as a factual statement," Mot. at 8. This is a puzzling stance, as the complaint alleges specific policies and affirmative acts of Comcast—*i.e.*, factual allegations.  And the complaint meets the *Global-Tech* standard by alleging deliberate conduct in the form of creating a policy of not reviewing patents, including the affirmative act of instructing employees not to review the patents of others.  *See* 563 U.S. at 770 (explaining that willful blindness requires "active efforts by an inducer to avoid knowing about the infringing nature of the activities").[4]

---

[4] Comcast may disagree with American Patents' factual allegations.  But Comcast provides no concrete argument about why those allegations are instead merely legal conclusions.  Regardless,

Indeed, American Patents alleged knowledge in the pre-filing period because it has a

good faith belief that discovery will show that Comcast affirmatively instructed its employees to

avoid reading the patents of others.  As Professor Mark Lemley has explained, tech companies

like Comcast are notorious for adopting such policies, expressly to avoid liability for willfulness:

> ***Virtually everyone does it***.  They do it at all stages of endeavor.  Companies and
> lawyers tell engineers not to read patents in starting their research, lest their
> knowledge of the patent disadvantage the company by making it a willful
> infringer. . . . .  This ***intentional ignorance*** of patent rights in the hands of others
> has led some to label major manufacturers in the IT industries "patent pirates."

*See, e.g.*, Ex. A at 21-22 [M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008)]

(emphasis added).[5]  At the pleading stage, American Patents is entitled to all inferences in its

favor.

Courts routinely deny motions to dismiss based on the same allegations.  *See Motiva*

*Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. 2019); *Script Security Solns. L.L.C.*

---

for purposes of this motion, the court must take the allegations as true.  *See Wooten v. McDonald
Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

[5] *See also* Edwin H. Taylor & Glenn E. Von Tersch, *A Proposal to Shore Up the Foundations of
Patent Law that the Underwater Line Eroded*, 20 Hastings Comm. & Ent. L.J. 721, 737 (1998)
("As matters now stand many companies discourage employees from reading patents.  This
presumably lessens the chance that the company will be found to have knowledge of a patent.");
Dennis Fernandez, *Move Over Letterman:  Top 10 Most Common IP Management Mistakes for
New Companies*, Pat. Strategy & Mgmt., July 1, 2003, at 3 ("Additionally, in many cases it may
be appropriate for companies, as a matter of policy, to discourage looking at issued patents
owned by other entities so as to avoid awareness of potentially infringing patents."); Mark A.
Lemley & Ragesh K. Tangri, *Ending Patent Law's Willfulness Game*, 18 Berkeley Tech. L.J.
1085, 1100-01 (2003) ("[I]n-house patent counsel and many outside lawyers regularly advise
their clients not to read patents if there is any way to avoid it.  What you do know will certainly
harm you, they reason, so it is generally better not to know.  Thus, from the perspective of a
potential infringer, ignorance is bliss."); Timothy B. Lee, *It's Normal for Software Companies to
Ignore Patents*, Forbes Contributor post (2/27/2012) ("[A]lmost all software companies ignore
their competitor's patents."); Tom Krazit, "*Why Tech Companies Want Engineers To Ignore
Patents When Designing Products*," Gigaom, Nov. 2, 2011 ("[S]everal companies in the tech
industry *actively discourage* their engineers from thinking about whether concepts and products
under development might have already been patented . . . .") (emphasis added).

*v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 938 (E.D. Tex. 2016) (Bryson, Cir. J., by designation) ("Taking all inferences in Script's favor, it has pleaded that defendant took an affirmative action to avoid gaining knowledge of the patents in suit—ignoring all patents as a matter of policy. . . . ."). In *Motiva*, the court concluded that nearly identical allegations described two affirmative acts of willful blindness, "each of which is *independently sufficient* to satisfy the plausibility standard under [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)]." 408 F. Supp. 3d at 833 (emphasis added). First, "*[c]reating a policy* prohibiting review of patents is a specific kind of 'deliberate action[] to avoid learning' of potential infringement." *Id.* (citing *Global-Tech*, 563 U.S. at 768) (emphasis added). Second, the alleged act of "*instructing* its employees to not review the patents of others" (emphasis added) amounts to "specific acts to implement and enforce [Defendant's] policy of willful blindness." *Id.* at 834. As the Court explained, "[e]ither factual allegation—the *existence* of the policy or its *implementation* in the form of specific acts of willfully blind conduct—is sufficient to state a claim at the pleading stage. Taken together, the combination of allegations more than suffices [] '"to cross the federal court's threshold."' *Id.* (emphasis in original; quoting *Script Security Solutions*, 170 F. Supp. 3d at 935).[6]

---

[6] In addition to these published decisions, courts have denied motions to dismiss substantially similar willful blindness allegations in several additional cases. *See American Patents LLC v. Acer Inc.*, No. 4:18-cv-697-ALM (E.D. Tex.) at Dkts. 16 (May 17, 2019) (motion to dismiss), 35 (May 17, 2019) (order denying motion); *American Patents LLC v. AsusTek Computer Inc.*, No. 4:18-cv-698-ALM (E.D. Tex.) at Dkts. 17 (Jan. 11, 2019) (motion to dismiss), 33 (May 17, 2019) (order denying motion); *American Patents LLC v. Hisense Co. Ltd.*, 4:18-cv-768-ALM (E.D. Tex.) at Dkts. 49 (Jan. 18, 2019) (motion to dismiss as to Best Buy defendants), 63 (Feb. 12, 2019) (motion to dismiss as to Sharp Corporation), 65 (Feb. 12, 2019) (motion to dismiss as to TPV defendants), 85 (May 17, 2019) (order denying motion of Best Buy Defendants), 86 (May 17, 2019) (order denying motion of Sharp Corporation), 87 (May 17, 2019) (order denying motion of TPV defendants); *American Patents LLC v. HP Inc.*, No. 4:18-cv-700-ALM (E.D. Tex.) at Dkts. 15 (Dec. 21, 2018) (motion to dismiss), 58 (May 17, 2019) (order denying motion); *American Patents LLC v. Huawei Device USA, Inc.*, No. 4:18-cv-672-ALM (E.D. Tex.)

The decisions on which Comcast relies do not relate the complaint's allegations to the *Global-Tech* standard, as the court did in *Motiva*.  In both *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, Dkt. 52 at 1-2 (W.D. Tex. July 31, 2019), and *Parus Holding Inc. v. Apple Inc.*, No. 6L19-cv-432-ADA, Text Order (W.D. Tex. Feb. 20, 2020), the parties do not appear to have raised this argument in their briefing to the Court.  And Comcast's cases regarding practices of reviewing patents are inapposite and do not establish the inverse.  *See* Mot. at 9-10.

Finally, Comcast says that the Court should dismiss American Patents' willfulness allegation because it is made "on information and belief."  Mot. at 8-9.  But factual allegations cannot be discarded simply because they are based on information and belief.  *See* Fed. R. Civ. P. 11(b)(3) (allowing allegations based on information and belief if they "will likely have evidentiary support after reasonable opportunity for further investigation or discovery").  And Comcast's cases do not remotely suggest otherwise.[7]  *See* Mot. at 8-9 (citing *Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*, No. cv-12-1724-SLR, 2013 WL 3381258, at *3 (D. Del. July 8, 2013), and *Inhale, Inc. v. Gravitron, LLC*, No. 1-18-cv-763-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018)).  As explained above, American Patents has good reason for alleging that Comcast was willfully blind to the existence of the patents-in-suit.

---

at Dkts. 19 (Dec. 27, 2018) (motion to dismiss), 44 (May 17, 2019) (order denying motion); *American Patents LLC v. LG Electronics Inc.*, No. 4:18-cv-673-ALM (E.D. Tex.) at Dkts. 24 (Dec. 28, 2018) (motion to dismiss), 48 (May 17, 2019) (order denying motion); *American Patents LLC v. Panasonic Corporation of North America*, No. 4:18-cv-766-ALM (E.D. Tex.) at Dkts. 18 (Jan. 14, 2019) (motion to dismiss), 32 (May 17, 2019) (order denying motion); *American Patents LLC v. Samsung Electronics America, Inc.*, No. 4:18-cv-674-ALM (E.D. Tex.) at Dkts. 23 (Dec. 27, 2018) (motion to dismiss), 43 (May 17, 2019) (order denying motion).

[7] Rather, both cases address threadbare statements of legal conclusions unaccompanied by factual allegations, unlike American Patents' allegations.

3.    ***American Patents Plausibly Alleged Specific Intent to Induce Infringement***

American Patents also sufficiently pleaded the remaining elements of induced infringement.  A complaint adequately pleads a claim for induced infringement when it alleges knowledge of the patent and intent to infringe.  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1380 (Fed. Cir. 2017).  Comcast acknowledges that American Patents alleged inducement by advertising its products, contracting with third parties, selling its products, and distributing "instructions that guide users to use the accused product in an infringing manner."  Mot. at 12 (citing Dkt. 1 ¶ 70).  It complains that these acts cannot amount to inducement, however, because they are "based on [] ordinary business actions."  *Id.*  But Comcast's theory is unsupported in the law, and its characterization of American Patents' allegations lacks a basis in reality.

In fact, American Patents provided several pages of factual allegations supporting its indirect infringement claims.  Dkt. 1 ¶¶ 68-96.  These allegations include identification of the accused products, and that Comcast has induced end-users to infringe by using the accused products.  *Id.* ¶¶ 68-69.  And the complaint elaborates as to what active steps Comcast is alleged to have taken.  *Id.* ¶ 70-71 (alleging, *inter alia*, that Comcast has taken the affirmative acts of "advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner"); *see also, e.g.*, *id.* ¶¶ 20, 34, 46, 61 (identifying related documentation).  That alone is sufficient.  *See, e.g., Cywee Group Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-cv-495, 2018 WL 3819392, *2 (E.D. Tex. Aug. 10, 2018) (Bryson, Cir. J., by designation) (holding that allegation that "Huawei provides manuals and instructions . . . and/or provides instructional and support

materials on its website that teach and instruct its customers to operate those products in ways that practice the claimed invention" was sufficient to plead induced infringement for period in which Huawei had knowledge of the patents-in-suit)..

Further, American Patents alleges that Comcast has induced infringement by inducing "affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf" to directly infringe by "importing, selling, offering to sell, and/or using the accused products." Dkt. 1 ¶ 74. And the complaint provides additional details as to Comcast's active steps to sell, distribute, offer to sell, or import the accused products in an infringing manner. *Id.* ¶¶ 75-84. The complaint alleges knowledge of the patents-in-suit and knowledge that the induced acts constitute infringement. *Id.* ¶ 82. That is sufficient to plead inducement. *See Lifetime Indus.*, 869 F.3d at 1380. So Comcast's attempt to characterize the complaint's detailed factual allegations as "bald conclusions" and lacking "any factual allegation," Mot. at 12-13, rings hollow. Comcast's tactic of ignoring the multiple pages of allegations directed to Comcast's conduct, knowledge, and intent—specifically with respect to the accused products—is an illegitimate strategy that the Court should reject.

4.     ***American Patents Plausibly Alleged Contributory Infringement***

Finally, Comcast asserts the complaint does not identify any "supposedly special features" or that the special features lack substantial noninfringing uses. Mot. at 13. But the complaint contains the allegations that Comcast claims are missing:

- "The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe . . . ." Dkt. 1 ¶ 86.

- "The special features include improved wireless communication capabilities used in a manner that infringes the [asserted patents]." *Id.* ¶ 87; *see also, e.g.*, *id.* ¶¶ 20-28, 34-40, 46-55, 61-65 (alleging use of products in infringing manner).

- "The special features constitute a material part of the invention of one or more of the claims of the [asserted patents] and are not staple articles of commerce suitable for substantial non-infringing use." *Id.* ¶ 88.

The complaint also alleges that Comcast had knowledge of the patents and knowledge that its activities caused infringement. *Id.* ¶¶ 82, 90-95. Again, the complaint's allegations easily meet the requirement to plead a plausible claim for contributory infringement. *See Lifetime Indus.*, 869 F.3d at 1381.[8]

### B. American Patents Sufficiently Pleaded Willful Infringement

Comcast next argues that American Patents' willfulness allegations are flawed because they do not show "egregious" behavior. Mot. at 10-11.[9] But whether infringing conduct was sufficiently "egregious" is not an element of willful infringement at all, and this Court recognizes as much. *See Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-209-ADA, 2019 WL 3940952, at *3 (W.D. Tex. Jul. 26, 2019) ("To state a claim for willful infringement, 'a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.") (citing *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-cv-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).[10]

---

[8] *See also Motiva*, 408 F. Supp. 3d at 835 ("For purposes of a motion to dismiss under 12(b)(6), a well-pled allegation that an accused product (or its component) has 'no substantial noninfringing uses' is independently sufficient to plead the knowledge element of contributory infringement."); *id.* at 836 n.6 ("Requiring Motiva to **prove** that HTC's software component only has a single use—instead of simply alleging as much—would 'effectively require[ ] [Motiva] to prove, pre-discovery, the facts necessary to win at trial.'").

[9] As explained above, American Patents' complaint plausibly pleads pre-suit knowledge sufficient to support its willfulness claim. *See supra* Parts III.A.1-2.

[10] Contrary to Comcast's portrayal, this Court's decision in *Meetrix IP* is consistent with *Parity Networks*. There, the Court recognized that the pleading standard requires factual allegations

Instead, "egregiousness" is for the court to consider in exercising its discretion to enhance damages after the jury's finding of willfulness.  *See Ericsson Inc. v. TCL Communication Tech. Holdings, Ltd.*, No. 2:15-cv-11-RSP, 2018 WL 2149736, at *8 (E.D. Tex. May 10, 2018) ("the jury must decide whether the infringement was ***intentional***, and then the court must decide whether the intentional conduct was ***egregious*** enough to justify enhanced damages") (emphasis added), *vacated on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020); *see also Välinge Innovation AB*, 2018 WL 2411218, at *6-9 (collecting and analyzing cases, and concluding that egregiousness is not a required pleading element of willfulness, in part because "the *Halo* Court did not consider 'egregiousness' to be a necessary component of willful infringement"), *cited with approval by Parity Networks*, 2019 WL 3940952, at *3.

*Halo* did state that enhanced damages awards are meant to be a "sanction for egregious infringement behavior."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). But that does not mean egregiousness is an element of willful infringement.  Indeed, "*Halo* emphasized that subjective willfulness alone—i.e., proof that the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known to the accused infringer" is sufficient to establish willfulness and allow the court to consider enhancing damages.  *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (internal quotes omitted).  For that reason, in *Ericsson* the court rejected a defendant's challenge to the jury's willfulness verdict specifically because the defendant's "assumption that a jury's willfulness finding cannot stand without egregious or shocking infringement behavior is inconsistent with the Federal Circuit's decision in *Arctic Cat.*"  *Ericsson*, 2018 WL 2149736, at

---

permitting a "plausible inference of subjective willfulness" and did not hold that egregiousness is an element of willful infringement.  *See* 2018 WL 8261315, at *3.

\*9; *see also Välinge Innovation AB*, 2018 WL 2411218, at \*7 ("[N]owhere in *Arctic Cat* did the Federal Circuit indicate that a component of a willfulness finding involves a determination as to whether 'egregious' infringement was at play.").

The other cases on which Comcast relies do not establish otherwise.  First, its suggestion that *Halo* or *SRI International, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295 (Fed. Cir. 2019), address pleading standards, *see* Mot. at 10-11, is simply false.[11]  And the *Finjan, Inc.* and *Jenkins* decisions were issued prior to *Arctic Cat* and thus could not have benefitted from the Federal Circuit's or more recent district courts' analyses.  *See Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-72-BLF, 2017 WL 2462423 (N.D. Cal. Jun. 7, 2017); *Jenkins v. LogicMark, LLC*, No. 3:16-cv-751-HEH, 2017 WL 376154 (E.D. Ba. Jan. 25, 2017).

## IV.   IF NECESSARY, THE COURT SHOULD GRANT LEAVE TO AMEND

To the extent that the Court rules that any of American Patents' claims are not adequately pleaded, American Patents requests an opportunity to amend its complaint to address any deficiencies that the Court finds, including the opportunity to take relevant discovery prior to amendment.  "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a); *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (finding an abuse of discretion for the district court's failure to grant leave to amend and explaining "the language of this rule evinces a bias in favor of granting leave to amend," and "[a] district court must possess a substantial reason to deny a request") (citations and internal quotations omitted); *see also Potter v. Bexar Cnty. Hosp. Dist.*, 195 Fed. Appx. 205,

---

[11] *SRI International* is further distinguishable because it is limited to the specific facts that certain of the defendant's witnesses had not read the patent-in-suit prior to their depositions, and not a company-wide policy or the affirmative acts of instructing employees not to read patents. *See id.* at 1309.

208 (5th Cir. 2006).  "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.  Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."  *Id.* (internal quotations omitted).  Granting leave to amend is especially appropriate when dismissing for failure to state a claim.  *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977).

## V.   CONCLUSION

For the foregoing reasons, the Court should deny Comcast's motion to dismiss.  In the event the Court grants any portion of the motion, American Patents respectfully requests leave to amend its complaint, including the opportunity to take relevant discovery prior to amending.

Dated:  November 19, 2020                    Respectfully submitted,


                                             */s/ Larry D. Thompson, Jr.*
                                             Matthew J. Antonelli
                                             Texas Bar No. 24068432
                                             matt@ahtlawfirm.com
                                             Zachariah S. Harrington
                                             Texas Bar No. 24057886
                                             zac@ahtlawfirm.com
                                             Larry D. Thompson, Jr.
                                             Texas Bar No. 24051428
                                             larry@ahtlawfirm.com
                                             Christopher Ryan Pinckney
                                             Texas Bar No. 24067819
                                             ryan@ahtlawfirm.com

                                             ANTONELLI, HARRINGTON
                                             & THOMPSON LLP
                                             4306 Yoakum Blvd., Ste. 450
                                             Houston, TX 77006
                                             (713) 581-3000

                                             Stafford Davis
                                             State Bar No. 24054605
                                             sdavis@stafforddavisfirm.com

Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM
815 South Broadway Avenue
Tyler, Texas 75701
(903) 593-7000
(903) 705-7369 fax

*Attorneys for American Patents LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Larry D. Thompson, Jr.*
Larry D. Thompson, Jr.