**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| AMERICAN PATENTS LLC, | |
| Plaintiff, | CIVIL ACTION NO. 6:20-cv-780-ADA |
| v. | |
| COMCAST CABLE COMMUNICATIONS, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMCAST'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**AMERICAN PATENTS' CLAIMS FOR WILLFUL AND INDIRECT INFRINGEMENT**

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................... 1

ARGUMENT ......................................................................................................... 1

I.  AMERICAN PATENTS' ALLEGATIONS OF WILLFUL INFRINGEMENT FAIL
FOR MULTIPLE INDEPENDENT REASONS ........................................................ 1

    A.  American Patents fails to sufficiently plead pre-suit knowledge of, or willful
blindness to, the Patents-in-Suit to state a claim of willful infringement .............. 2

        1.  Under this Court's case law, allegations that a patent application was
cited during prosecution are not enough to plead pre-suit knowledge. ...... 2

        2.  Under Western District of Texas case law, allegations of a policy or
practice to not review patents is not enough to plead willfulness
blindness ................................................................................................ 5

    B.  American Patents fails to sufficiently plead "egregiousness" to state a claim for
willful infringement ................................................................................... 7

II.  AMERICAN PATENTS' ALLEGATIONS OF INDIRECT INFRINGEMENT FAIL
FOR MULTIPLE INDEPENDENT REASONS ........................................................ 8

    A.  American Patents fails to allege pre-suit knowledge.  This requires dismissal of
its induced and contributory infringement claims .................................................. 8

    B.  American Patents' reliance on case law from other districts does not cure its
insufficient allegation regarding specific intent to induce infringement ............... 8

    C.  American Patents' conclusory statements cannot justify its insufficient
allegations about "special features" and lack of substantial non-infringing uses
required for a claim of contributory infringement ................................................ 10

CONCLUSION ..................................................................................................... 10

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
   No. W:13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014)................................2, 4, 9

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
   No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...................................7, 8

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)..........................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................................................6 ,10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................5, 6, 10

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
   No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016)..................2, 3, 4

*Cywee Group Ltd. V. Huawei Device Co. Ltd.*,
   No. 2:17-cv-495, 2018 WL 381932 (E.D. Tex. Aug 10, 2018)................................................9

*Dorsey v. Portfolio Equities, Inc.*,
   540 F.3d 333 (5th Cir. 2008) .............................................................................................2, 6

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)..........................................................................................8

*Ericsson Inc. v. TCL Communication Tech. Holdings, Ltd.*,
   No. 2:15-cv-11-RSP, 2018 WL 2149736 (E.D. Tex. May 10, 2019)......................................7

*Glob. Sessions, LP v. JPMorgan Chase & Co.*,
   No. A-13-CA-688-SS, 2013 WL 12086369 (W.D. Tex. Nov. 18, 2013)...........................2, 3

*Google LLC v. Princeps Interface Techs. LLC*,
   No. 19-CV-06566-EMC, 2020 WL 1478352 (N.D. Cal. Mar. 26, 2020)...............................8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016).......................................................................................................7

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)...................................9

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) .................8, 10

*Jao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
No. 1-14-CV-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ...................................9

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018).....................2, 3, 4, 7

*Michigan Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
No. 19-10485, 2020 WL 3964969 (E.D. Mich. July 13, 2020)..............................................8

*Motiva Patents, LLC v. Sony Corp.*,
408 F. Supp. 3d 819 (E.D. Tex. 2019)..................................................................................5

*Nanosys, Inc. v. QD Vision, Inc.*,
No. 16-CV-01957-YGR, 2016 WL 4943006 (N.D. Cal. Sept. 16, 2016) ...............................4

*O'Malley v. Brown Bros. Harriman & Co.*,
No. SA-19-CV-0010-JKP, 2020 WL 1033658 (W.D. Tex. Mar. 3, 2020)...............................6

*Parity Networks, LLC v. Cisco Systems, Inc.*,
No. 6:19-cv-209-ADA, 2019 WL 3940952 (W.D. Tex. 2019) ...............................................1

*Parus Holding Inc. v. Apple Inc.*,
No. 6:19-00432-ADA, Dkt. 37 (W.D. Tex. Nov. 11, 2019)....................................................5

*Parus Holding Inc. v. Apple Inc.*,
No. 6:19-00432-ADA, Text Order (W.D. Tex. Feb. 20, 2020)...............................................5

*Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*,
422 F. Supp. 3d 1191 (W.D. Tex. 2019), reconsideration denied, No. W-19-
CV-00257-ADA, 2020 WL 278481 (W.D. Tex. Jan. 10, 2020)..............................................7

*Spherix Inc. v. Juniper Networks, Inc.*,
No. CV-14-578-SLR, 2015 WL 1517508 (D. Del. Mar. 31, 2015)........................................4

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
930 F.3d 1295 (Fed. Cir. 2019), cert. denied, 140 S. Ct. 1108 (2020) ....................................5

*Van Deelen v. Cain*,
628 F. App'x 891 (5th Cir. 2015) .........................................................................................5

*Veritas Operating Corp. v. Microsoft Corp.*,
562 F. Supp. 2d 1141 (W.D. Wash. 2008)...........................................................................4

*VLSI Tech. LLC v. Intel Corp.*,
No. 6:19-CV-00254-ADA, 2019 WL 11025759 (W.D. Tex. August 9, 2019).......................5

*VLSI Tech. LLC v. Intel Corp.*,
  No. CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)...........................................5

**Statutes**

35 U.S.C. § 271(b) .................................................................................................................8

35 U.S.C. § 271(c) .................................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................5

## INTRODUCTION

American Patents relies on several Eastern District of Texas cases, instead of cases from this district that clearly articulate requirements for pleading pre-suit knowledge, or alternatively, willful blindness, required to state a claim for willful, induced, and contributory infringement. Under those principles, American Patents has failed to plead pre-suit knowledge.

American Patents' willful, induced, and contributory infringement claims also fail for other independent reasons. ***First***, American Patents fails to plead the egregious conduct required to state a claim for willful infringement. American Patents does not dispute the lack of underlying factual allegations, but again attempts to have this district rely on an Eastern District of Texas case instead of relevant cases from this district. ***Second***, American Patents fails to plead specific intent required to state a claim for induced infringement. Again, American Patents relies on an Eastern District of Texas case instead of relevant cases from this district to mask that generic reference to instruction guides and other ordinary marketing and selling activities fall far short of plausibly showing that Comcast had specific intent to cause another party's infringement. ***Third***, American Patents fails to plead any facts showing "special features" or "no substantial non-infringing use" required to state a claim for contributory infringement. Indeed, American Patents threadbare recitals of these elements in its Opposition contains the same deficiency as its Complaint. For these additional independent reasons, American Patents' claims for willful, induced, and contributory infringement should be dismissed.

## ARGUMENT

### I.   AMERICAN PATENTS' ALLEGATIONS OF WILLFUL INFRINGEMENT FAIL FOR MULTIPLE INDEPENDENT REASONS

American Patents failed to plausibly plead: (1) pre-suit knowledge (or alternatively, willful blindness), and (2) egregious conduct by Comcast. *Parity Networks, LLC v. Cisco Systems, Inc.*,

No. 6:19-cv-209-ADA, 2019 WL 3940952, *3 (W.D. Tex. 2019) (citations omitted).  For at least

the reasons discussed below, American Patents' claim for willfulness must be dismissed.

    A.    American Patents fails to sufficiently plead pre-suit knowledge of, or willful blindness to, the Patents-in-Suit to state a claim of willful infringement

        1.    Under this Court's case law, allegations that a patent application was cited during prosecution are not enough to plead pre-suit knowledge.

American Patents' allegation of pre-suit knowledge is based on Comcast citing two patent

publications among 600 prior art references in one patent prosecution.[1]  To mask its deficient pre-

suit knowledge allegation, American Patents relies on two cases—*Global Sessions* and *Blitzsafe*—

which were rejected in *Meetrix* as "distinguishable and unpersuasive."  *Compare* Opp. 3–8 (citing

*Glob. Sessions, LP v. JPMorgan Chase & Co.*, No. A-13-CA-688-SS, 2013 WL 12086369, at *2

(W.D. Tex. Nov. 18, 2013), and *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-

cv-1274-JRG-RSP (lead case), 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016) *with Meetrix IP, LLC

v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018).

The principles articulated by the Western District of Texas in *Meetrix* and *Affinity Labs* are

instructive here.  In those cases, the Court explained that patent applications are particularly

unhelpful in establishing knowledge, because "it is a patent's claims that put potential infringers

on notice."  *Meetrix IP*, 2018 WL 8261315, at *2.  Here, American Patents relies entirely on a

patent application (Dkt. 1 ¶ 29, 41, 56) to allege pre-suit knowledge, which cannot meet the

threshold established by this Court.  *Id.*; *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. W:13-

CV-362, 2014 WL 12551207, at *5 (W.D. Tex. Apr. 30, 2014) ("The fact that the '641 patent was

---

[1] American Patents alleges that the 600 other prior art references cited during prosecution of Comcast's RE45,775 patent are "extra pleading materials."  This is incorrect.  "A court is permitted, however, to rely on 'documents incorporated into the complaint by reference.'"  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).  American Patents references the prosecution of Comcast's RE45,775 patent in its Complaint, allowing the court to take notice of the 600-plus other prior art referenced in this document.  *See* Dkt. 1 ¶¶ 29, 41.

issued from a ***continuation of a patent application*** issued by the United States Patent and Trademark Office ***did not, without more, make plausible knowledge of the patent for purposes of inducing infringement***.") (emphases added).

American Patents also overstates the similarities between this case and *Global Sessions*. Opp. at 4.  In *Global Sessions*, the defendant ***cited a Global Sessions patent*** as a reference in ***a dozen*** patents filed during a four-year period. *Glob. Sessions,* 2013 WL 12086369, at *2. But *Global Sessions* affords no basis for departing from the principles laid out in *Meetrix / Affinity*, particularly that reference to a patent application does not provide notice of a patent.  Here, American Patents alleges Comcast allegedly referenced two patent publications—not the patent itself—during the patent prosecution of ***one*** Comcast patent.  Dkt. 1 ¶¶ 29, 41.  This situation is far more analogous to *Meetrix*, not *Global Sessions*, and illustrates that American Patents failed to sufficiently plead pre-suit knowledge.

American Patents also attempts to misleadingly highlight facts in *Meetrix* that had no relevance to the principle guiding the court's decision about the lack of pre-suit knowledge, and instead, urges this Court to apply a principle that the Eastern District of Texas articulated in *Blitzsafe*. Opp. at 5 (citing *Blitzsafe*, 2016 WL 4778699).  This Court should reject this attempt to apply another jurisdiction's principle when cases from the Western District of Texas clearly apply. In *Meetrix*, "several of Cisco's patents cite[d] the Asserted Patents' parent application," and while the patents were owned by its subsidiary and the citations were added by the patent examiner, the court merely applied the well-worn principle that "citing a different patent's application alone fails to raise a plausible inference of pre-suit knowledge" to a "more tenuous" fact pattern.  *Meetrix*, 2018 WL 8261315, at *1–2.  To the extent the Court wishes to consider *Blitzsafe*, the facts in that case are also highly distinguishable.  Blitzsafe disclosed the patent application underlying the

asserted patent directly to the defendant when the two were engaged in business. *Blitzsafe,* 2016 WL 4778699, *6. The defendant later cited Blitzsafe's published patent application as prior art in an *inter partes* review, after that application had become an issued patent. *Id.* The court relied on these facts, cumulatively, to infer that the patentee's knowledge of the application also extended to the issued patent. By contrast, American Patents never provided any direct notice of its patent applications, and Comcast has never made any use of the application, such as in an *inter partes* review, that could be alleged to imply intimate knowledge American Patents sole allegation is that its patent application is cited as one among 600 reference in a one, among thousands, of Comcast patents. In short, this Court should follow its own jurisprudence, as reflected in *Meetrix* and *Affinity Labs*, and find American Patents' allegations on the pre-suit knowledge element deficient. And to the extent the Court wishes to consider *Blitzsafe*, those facts are highly distinguishable, and provide insufficient basis to deviate from the principles outlined in *Meetrix.*

And contrary to American Patents' assertion, other courts have agreed with this Court's holdings in *Meetrix* and *Affinity Labs* that referencing a patent application, or even the patent-in-suit, during a patent prosecution is insufficient to state an allegation of pre-suit knowledge. *See, e.g.*, *Spherix Inc. v. Juniper Networks, Inc.*, No. CV-14-578-SLR, 2015 WL 1517508, at *3 (D. Del. Mar. 31, 2015) (holding that reference to patent as one of 31 references during prosecution of one out of 1,700 patents is not sufficient to establish knowledge); *Veritas Operating Corp. v. Microsoft Corp.*, 562 F. Supp. 2d 1141, 1285 (W.D. Wash. 2008) (stating that knowledge of patent cannot be established by citation during prosecution of two patents among thousands); *Nanosys, Inc. v. QD Vision, Inc.*, No. 16-CV-01957-YGR, 2016 WL 4943006, at *4 (N.D. Cal. Sept. 16, 2016) (same).

4

2.      Under Western District of Texas case law, allegations of a policy or practice to not review patents is not enough to plead willfulness blindness

American Patents argues that "[c]ourts routinely deny motions to dismiss based on the same allegations." Opp. at 9–10. But American Patents only cites Eastern District of Texas cases (*id*. at 10 n.6) and ignores the slew of cases from this Court that have granted motions to dismiss for willful infringement claims based solely on a purported policy of not reviewing third-party patents. *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-00254-ADA, 2019 WL 11025759 at 1–2 (W.D. Tex. August 9, 2019) (dismissing willfulness claims based on policy or practice of not reviewing patents of others); *Parus Holding Inc. v. Apple Inc.*, No. 6:19-00432-ADA, Text Order (W.D. Tex. Feb. 20, 2020) (dismissing willful infringement and indirect infringement claims based on a policy or practice of not reviewing patents of others). American Patents attempts to distinguish these cases through a line of argument, reflected in the *Motiva* case, that this Court has flatly rejected. Opp. at 9–10 (citing *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. 2019)). For instance, in *Parus Holding*, the plaintiff cited *Motiva* but the Western District of Texas court was unmoved by it. *Parus Holding Inc. v. Apple Inc.*, No. 6:19-00432-ADA, Dkt. 37 at 9 (W.D. Tex. Nov. 11, 2019). Nor should the court have been swayed. The Federal Circuit, and other courts, have found that a policy of not reviewing patents "is insufficient to establish that [defendant's] conduct rose to the level of wanton, malicious, and bad-faith required for willful infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019), cert. denied, 140 S. Ct. 1108 (2020); *VLSI Tech. LLC v. Intel Corp.*, No. CV 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019).

Alternatively, even if a purported policy could sustain a willfulness allegation, which it cannot, American Patents has not plausibly pled that Comcast has such a policy. Dkt. 1 ¶ 90. As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge[]"

an asserted claim "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  And courts will disregard "legal conclusions, unwarranted inferences,

and conclusory statements."  *Van Deelen v. Cain*, 628 F. App'x 891, 894 (5th Cir. 2015); *Dorsey*

*v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("This court, however, 'will not strain

to find inferences favorable to the plaintiff.'").  Here, American Patents' sole basis for alleging

that Comcast has a policy for ignoring patents is a law review article written in 2008 by Professor

Mark Lemley that has no mention of Comcast.  Opp. at 8–11.  American Patents calls for an

inference that Comcast has a policy of ignoring patents because of generalized statements in this

article regarding companies "in component industries."  This cannot meet the *Twombly* bar.

American Patents appears to agree because, in its Opposition, it changed "component industries,"

as recited in Professor Lemley's article, to "tech companies, like Comcast."  Opp. at 9 ("As

Professor Mark Lemley has explained, **tech companies**, **like Comcast**. . . .").  American Patents

also attempts to bolster this weak allegation with five more articles—none of which reference

Comcast, and none of which were cited in the Complaint.[2]  *Id.* at 9 n.5.  Under American Patents'

logic, the article's statement that "virtually everyone" is guilty of "intentional ignorance of

patents" (Opp. at 15) would imply that a plaintiff could always allege knowledge based on

supposed willful blindness, without any factual allegations.  This would eviscerate the need to

plead knowledge altogether and would render the requirements of *Iqbal* / *Twombly* meaningless.

    With that in mind, "allegations in the complaint [that] are not based upon [a plaintiff's]

---

[2] American Patents introduces several new articles, not contained in its Complaint, to help justify its untenable allegation on the knowledge element.  Opp. at 9, n.5.  Those should be disregarded, since assessment of a motion to dismiss should "not consider new factual allegations made outside the complaint."  *Dorsey*, 540 F.3d at 338.

personal knowledge" are "necessarily pleaded on 'information and belief,' although not labeled as such." *O'Malley v. Brown Bros. Harriman & Co.*, No. SA-19-CV-0010-JKP, 2020 WL 1033658, at *5 (W.D. Tex. Mar. 3, 2020) (internal citation omitted). And unwarranted inferences based on information and belief are not sufficient to nudge a claim from conceivable to plausible. *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019), reconsideration denied, No. W-19-CV-00257-ADA, 2020 WL 278481 (W.D. Tex. Jan. 10, 2020); *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *4 (W.D. Tex. May 12, 2014) (dismissing pre-suit knowledge claims that were "conceivable" but not "plausible"). Thus, the Court should ignore this conclusory allegation relying on an unwarranted inference that Comcast has a policy of ignoring patents.

  B.  American Patents fails to sufficiently plead "egregiousness" to state a claim for willful infringement

  American Patents argues that it has no obligation to plead "egregiousness," based on a Federal Circuit case (*Arctic Cat*) and an Eastern District of Texas case (*Ericsson*), even though both cases addressed issues at the proof stage regarding the jury's role and jury instructions ***if willful infringement allegations reached trial***. Opp. 15–16 (citing *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017) and *Ericsson Inc. v. TCL Communication Tech. Holdings, Ltd.*, No. 2:15-cv-11-RSP, 2018 WL 2149736 (E.D. Tex. May 10, 2019)). This misses the point. In a Western District of Texas case addressing ***pleading standards***, the court dismissed a claim for willful infringement for "not alleg[ing] any facts raising a plausible inference of the egregious behavior required under *Halo*." *Meetrix*, 2018 WL 8261315, at *3. Moreover, Plaintiff distinguishes other cases cited by Comcast discussing pleading standards as "decisions issued prior to *Arctic Cat*." But opinions from other courts—decided after *Arctic Cat*—have similarly required allegations of egregious conduct "in order to survive a motion to dismiss."

*Google LLC v. Princeps Interface Techs. LLC*, No. 19-CV-06566-EMC, 2020 WL 1478352, at *2 (N.D. Cal. Mar. 26, 2020); *Michigan Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, No. 19-10485, 2020 WL 3964969, at *4 (E.D. Mich. July 13, 2020) (discussing how the Eastern District of Texas represents the "minority view," whereas the majority view requires a plaintiff to plead "egregiousness" to withstand a motion to dismiss).

Here, American Patents makes no arguments about pleading any facts regarding Comcast's "egregious behavior," and in fact, the Complaint contains none. Opp. 14–16; *see generally* Dkt. 1. This is an additional reason why the Court should dismiss the willful infringement claims.

## II.   AMERICAN PATENTS' ALLEGATIONS OF INDIRECT INFRINGEMENT FAIL FOR MULTIPLE INDEPENDENT REASONS

American Patents fails to plausibly plead: (1) pre-suit knowledge, (2) specific intent for induced infringement, and (3) special features for contributory infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006); 35 U.S.C. § 271(b)-(c); *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017).

### A.   American Patents fails to allege pre-suit knowledge. This requires dismissal of its induced and contributory infringement claims

For the same reasons discussed above with respect to willful infringement, the Complaint fails to sufficiently allege pre-suit knowledge to support claims of induced or contributory infringement, and those claims should also be dismissed. *See supra* at 2–7; Dkt. 23 at 6–10.

### B.   American Patents' reliance on case law from other districts does not cure its insufficient allegation regarding specific intent to induce infringement

American Patents argues that it "provided several pages of factual allegations supporting its indirect infringement claims" but ignores that these factual allegations are "based on ordinary business" because this "theory is unsupported in the law." Opp. at 12. This is wrong. American Patents again attempts to shoehorn in dicta from an Eastern District of Texas case (*Cywee Group*)

8

to cloak its insufficient allegations.  Opp. at 12 (citing *Cywee Group Ltd. V. Huawei Device Co. Ltd.*, No. 2:17-cv-495, 2018 WL 381932 (E.D. Tex. Aug 10, 2018)).  And even if this case were instructive, which it is not, plaintiff in *Cywee Group* alleged substantially more specific allegations in its complaint—*e.g.*, by attaching three user manuals to its complaint that illustrated direct infringement "in great detail"—than American Patents' mere threadbare recitation that Comcast distributed "instructions that guide users to use the accused product in an infringing manner." *Compare Cywee Group*, 2018 WL 3819392, at *4 *with* Dkt. 1 ¶ 71.

In direct contradiction to American Patents' position, the Western District of Texas and other courts have held that generic allegations regarding ordinary business activities like "marketing and selling" devices "do not adequately support the more demanding specific intent requirement for finding of induced infringement."  *See, e.g.*, *Affinity Labs*, 2014 WL 12551207, at *5; *Jao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-CV-134-LY, 2015 WL 3513151, at *4 (W.D. Tex. Mar. 24, 2015) (stating that a claim of induced infringement "must contain facts plausibly showing that [the defendant] specifically intended their customers to infringe the patents-in-suit and knew that the customers' acts constituted infringement"); *Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("[T]he complaint only states bald conclusions that an end user following YouTube instructions results in infringement.  In no way does the complaint detail *how* an end user would infringe [plaintiff's] patents. . . .").

American Patents thus provides no facts that this Court can use to plausibly infer specific intent by Comcast to induce infringement.  This is an additional reason this Court should dismiss the induced infringement claim.

C.   American Patents' conclusory statements cannot justify its insufficient allegations about "special features" and lack of substantial non-infringing uses required for a claim of contributory infringement

American Patents does not contest that it must allege (i) "special features" that contribute to infringement and (ii) that the accused products lack substantial non-infringing use.  Opp. at 13–14.  Rather, American Patents argues that "[its] allegations easily meet the requirements to plead a plausible claim for contributory infringement."  The allegation on which American Patents relies to satisfy these requirements (Opp. at 13–14) are far from sufficient.  Simply stating that the "accused products have special features" (Opp. at 13) in a conclusory fashion cannot be enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (stating threadbare allegations will not suffice); *Iron Oak Techs., LLC v. Acer Am. Corp.*, 2017 WL 9477677, at *6 (dismissing contributory infringement claims where plaintiff "makes the conclusory statement that defendants' accused products are not staple articles of commerce and have no substantial uses that do not infringe the [Asserted Patent]") (internal quotation omitted).  At best, American Patents points to an allegation that "[t]he special features include wireless communication capabilities used in a manner that infringes the [asserted patents]," (Opp. at 13), but that can hardly be considered a "special feature."  This failure provides an additional reason that the claim for contributory infringement should be dismissed.

## CONCLUSION

For the reasons set forth above, Comcast respectfully requests that the Court dismiss American Patents' claims for willful and indirect infringement.

Date: November 30, 2020                    Respectfully submitted,

                                           By:  */s/ Deron R. Dacus*_____

                                           Deron R. Dacus
                                           State Bar No.  00790553
                                           **The Dacus Firm, P.C.**
                                           821 ESE Loop 323, Suite 430
                                           Tyler, TX 75701
                                           Phone: (903) 705-1117
                                           Fax: (903) 581-2543
                                           ddacus@dacusfirm.com

                                           Krishnan Padmanabhan (PHV)
                                           kpadmanabhan@winston.com
                                           Winston & Strawn LLP
                                           200 Park Ave.
                                           New York City, NY 10166
                                           Tel: (212) 294-6700

                                           *Attorneys for Defendant Comcast Cable
                                           Communications, LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 30, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Deron S. Dacus*
Deron S. Dacus